UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE RIDER, CDCR #T-13317,<br><br>  Plaintiff,<br><br>vs.<br><br>D. SANCHEZ, Correctional Officer; R. OWENS, Correctional Sergeant; A. SILVA, Correctional Officer; A. MIRANDA, Correctional Lieutenant; M. POLLARD, Correctional Warden,<br><br>  Defendants. | Case No.:  3:20-cv-02028-DMS-RBB<br><br>**ORDER:**<br><br>**1)  DISMISSING DEFENDANTS OWENS, SILVA, MIRANDA, AND POLLARD; AND**<br><br>**2)  DIRECTING USMS TO EFFECT SERVICE OF FIRST AMENDED COMPLAINT ON DEFENDAND SANCHEZ** |

**I.  Procedural History**

On October 14, 2020, Plaintiff Andre Rider, currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  *See* Compl., ECF No. 1.  In addition, Plaintiff filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).  *See* ECF No. 2.

On October 27, 2020, the Court GRANTED Plaintiff's Motion to Proceed IFP and DISMISSED claims for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A. *See* ECF No. 4. Plaintiff was granted leave to file an amended complaint in order to correct the deficiencies of pleading identified in the Court's Order. *See id.*

Plaintiff was also informed that "[d]efendants not named and any claims not re-alleged in the Amended Complaint will be considered waived" (*Id.* at 13 citing S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012)).

On February 9, 2021, Plaintiff filed his First Amended Complaint ("FAC"). *See* ECF No. 8. In his FAC, Plaintiff no longer names Owens, Silva, Miranda, and Pollard as Defendants. Thus, these Defendants are DISMISSED from this action. *See Lacey*, 693 F.3d at 928.

**II.      Screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)**

   A.      <u>Standard of Review</u>

As the Court previously informed Plaintiff, because he is a prisoner and is proceeding IFP, his FAC requires a preliminary screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of

Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 556 U.S. 544, 570 (2007)); *Wilhelm*, 680 F.3d at 1121.

"Courts must consider the complaint in its entirety," including "documents incorporated into the complaint by reference" to be part of the pleading when determining whether the plaintiff has stated a claim upon which relief may be granted. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Schneider v. Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

B.   <u>Plaintiff's Allegations</u>

On September 1, 2019, Defendant Sanchez "came to building 4, on Facility 'A' yard" to "inform Plaintiff that he has been selected to take" a random urinalysis test. (FAC at 3.) Plaintiff questioned why he had been selected by Sanchez said, "I don't have time to answer any bullshit questions right now." (*Id.* at 3-4.) Plaintiff asked to "speak with the "2nd watch program [sergeant]." (*Id.* at 4.) However, Plaintiff alleges Sanchez "became very upset" and told Plaintiff that the sergeant was "very busy." (*Id.*) He further claims Sanchez threatened to write him a "CDC RVR-115" if Plaintiff refused to take the test. (*Id.*)

Plaintiff again asked the "tower officer" if he could see the sergeant and was told no by Sanchez. (*Id.*) "At that moment, [Sanchez] intentionally threw Plaintiff to the ground, real hard." (*Id.*) Plaintiff claims Sanchez knew Plaintiff used a walker and cane but Sanchez responded that he "didn't care" and "continued calling Plaintiff [an]

asshole." (*Id.*)  Plaintiff informed Sanchez that he was "suffering pain from being thrown to the ground, real hard" and asked to "go to medical" but Sanchez refused and "placed Plaintiff back into his assigned cell." (*Id.*)

Plaintiff seeks declaratory relief, along with compensatory and punitive damages. (*Id.* at 11.)

### C.   42 U.S.C. § 1983

"To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace*, Inc., 698 F.3d 1128, 1138 (9th Cir. 2012); *see also Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 747 (9th Cir. 2020) ("Pursuant to § 1983, a defendant may be liable for violating a plaintiff's constitutional rights only if the defendant committed the alleged deprivation while acting under color of state law.").

### D.   Eighth Amendment claims

The Court finds Plaintiff's FAC contains "sufficient factual matter, accepted as true," to state an Eighth Amendment claim against Sanchez for relief that are "plausible on its face," *Iqbal,* 556 U.S. at 678, and therefore, sufficient to overcome the "low threshold" set for sua sponte screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) ("To prove a violation of the Eighth Amendment a plaintiff must 'objectively show that he was deprived of something "sufficiently serious," and make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety.'" (citing *Farmer v. Brennan*, 511 U.S. 825, 837, 844 (1994)); *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment); *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) (for claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.").

### III. Conclusion and Orders

For the reasons explained, the Court:

1. **DISMISSES** Defendants Owens, Silva, Miranda, and Pollard. The Clerk of Court is directed to terminate these Defendants from the Court's docket.

2. **DIRECTS** the Clerk to issue a summons as to Plaintiff's FAC (ECF No. 8) upon Defendant Sanchez, and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for these Defendants. In addition, the Clerk will provide Plaintiff with certified copies of the October 27, 2020 Order granting IFP status, certified copy of his FAC (ECF No. 8), and the summons so that he may serve Defendant Sanchez. Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285 as completely and accurately as possible, *include an address where Defendants may be found and/or subject to service* pursuant to S.D. Cal. CivLR 4.1c., and return it to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

3. **ORDERS** the U.S. Marshal to serve a copy of the FAC (ECF No. 8), and summons upon Defendant Sanchez as directed by Plaintiff on the USM Form 285 provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

4. **ORDERS** Defendant Sanchez, once he has been served, to reply to Plaintiff's FAC within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond).

5. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendant, or if appearance has been entered by counsel, upon Defendant's

1 counsel, a copy of every further pleading, motion, or other document submitted for the
2 Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every
3 original document he seeks to file with the Clerk of the Court, a certificate stating the
4 manner in which a true and correct copy of that document has been was served on
5 Defendant or his counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any
6 document received by the Court which has not been properly filed with the Clerk or
7 which fails to include a Certificate of Service upon the Defendant, or his counsel, may be
8 disregarded.

9     **IT IS SO ORDERED**.

10 Dated:  February 12, 2021

                                           Hon. Dana M. Sabraw, Chief Judge
                                           United States District Court